**UNITED STATES of America**

**v.**

**An Article of Device DIAPULSE MANUFACTURING COMPANY OF AMERICA.**

**No. 4818.**

United States District Court
D. Connecticut.
July 20, 1966.

Jon O. Newman, U. S. Atty., and David Margolis, Asst. U. S. Atty., Hartford, Conn., for libelant.

Sheldon S. Lustigman, of Bass & Friend, New York City, for claimant.

TIMBERS, Chief Judge. ·

This in rem action pursuant to the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301–392, was commenced in the United States District Court for the Northern District of Georgia and thence removed for trial to the District of Connecticut pursuant to 21 U.S.C. § 334(a).

The libel charges that an article known as "Diapulse" was misbranded when introduced into and while in interstate commerce in that its labeling, consisting of numerous items of printed promotional material, contains false and misleading statements which represent and suggest that the article is adequate and effective for some 130 different conditions and purposes.

The particular matter now before the Court consists of claimant's objections to libelant's interrogatories pursuant to Rule 33, Fed.R.Civ.P. The Court's rulings on these objections have been endorsed in the margin of claimant's objections. Except where otherwise indicated, claimant is ordered not later than September 1, 1966 to serve and file its answers to those interrogatories with respect to which objections have been overruled.

Having been subjected to the laborious task of wading through libelant's voluminous interrogatories—many of doubtful propriety—for the purpose of ruling upon claimant's omnibus objections— many of a spurious nature, the Court believes it appropriate to give sharp warning here and now that it will not further countenance the flagrant abuse of the discovery process reflected by the practice of counsel on both sides.

Claimant asserts that libelant's interrogatories comprise approximately 10,000 questions and require claimant to prepare an extensive medical treatise for libelant. While this Court has not counted the various subdivisions (and does not intend to), nor does it have the expertise to judge the medical treatise assertion, it is abundantly clear that the interrogatories are entirely too voluminous and many call for admissions which should be sought under Rule 36. Claimant, on the other hand, has fired a broadside in objecting to all interrogatories and many of its objections are patently spurious. The Court's rulings have been made on the objections to the interrogatories as propounded, in an effort to resolve the conflicting claims on the papers presently before the Court and despite the clear warrant for imposing sanctions against both parties as provided in the rules. But further abuse of the discovery process will not be tolerated.

Counsel accordingly are directed without delay to confer together and to sub-

mit to this Court for its approval not later than September 15, 1966 a specific, written program for further proceedings in this case, including all further discovery proceedings, to be conducted in accordance with not only the letter but the spirit of the Federal Rules of Civil Procedure and the Local Rules of this Court, bearing in mind the provision of Rule 1, Fed.R.Civ.P., that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

The Court requests the United States Attorney, as the chief federal law officer of this District and for whose judgment this Court has the highest respect, to take the initiative in calling such a conference of counsel and in formulating such a program for further proceedings herein.